IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


NAVAGIUM VECTORIUM LLC, a California
Limited Liability Company; OUTFITTER
ROTARY LLC, a Delaware Limited Liability
Company; and OUTFITTER AVIATION LLC,
a Delaware Limited Liability Company;

           Plaintiffs;

    v.

ROGER SUTTON and OUTFITTER
AVIATION OREGON LLC, an Oregon
Limited Liability Company;

           Defendants.

Civ. No. 1:13-cv-00162-CL


ORDER


HADLEY & PECH, INC, a Nevada Corporation;

           Joined Counterclaim Plaintiff;

    v.

OUTFITTER AVIATION, LLC, a Delaware Limited
Liability Company;

           Counterclaim Defendant.


/ / /


PAGE 1 - ORDER

CLARKE, Magistrate Judge.

Plaintiffs Navagium Vectorium LLC ("Navagium"), Outfitter Rotary LLC, and Outfitter Aviation LLC (collectively, "Plaintiffs") bring this action against Defendants Roger Sutton and Outfitter Aviation Oregon LLC (collectively, "Defendants"). The present proceeding concerns Navagium's 1983 Beechcraft Bonanza Aircraft N552ZS ("Bonanza"), which is currently stored by Defendants in a private hangar in Medford, Oregon. (Vaden Decl. ¶ 2; Sutton Decl. ¶ 16).

Federal Rule of Civil Procedure 64 generally confers on parties to a federal suit "every remedy . . . available" under the venue state's laws that provides for the seizure of property "to secure satisfaction of a potential judgment." Through Federal Rule 64, Plaintiffs invoke Oregon Rules of Civil Procedure 83 and 85 to petition (#50) the court for an order directing Defendants to immediately deliver the Bonanza to Navagium.

Oregon Rule 83 sets forth general requirements for the issuance of provisional process remedies. Or. R. Civ. P. 83. Oregon Rule 85 details one such remedy: claim and delivery of personal property in an action to recover possession of said property. Or. R. Civ. P. 85. To obtain an order for claim and delivery, Plaintiffs must show, in part, whether Defendants are wrongfully detaining the aircraft, Or. R. Civ. P. 83A(6); whether Defendants have a reasonable probability of establishing a successful defense to Plaintiffs' claims regarding the aircraft, Or. R. Civ. P. 83A(12); and whether there is a substantial danger that Defendants will seriously harm the Bonanza, Or. R. Civ. P. 83A(9).

None of these items have been clearly shown. Plaintiffs assert that Defendants are wrongfully detaining the aircraft pursuant to an invalid chattel lien. They further allege Defendants may seriously harm the Bonanza by failing to insure, inspect, or regularly use it.

PAGE 2 - ORDER

Defendants contend that their lien and, resultantly their possession of the plane, is legal. They submit that the Bonanza is not at risk of harm.

The court need not delve into these disputed issues because a clearer resolution of the motion is possible. At the motion hearing (#69), both parties were amenable to Defendants transferring possession of the Bonanza to Plaintiffs if Plaintiffs post adequate bond to cover debts allegedly associated with the aircraft. However, the parties disagree as to the proper amount of the bond. In the Third Amended Answer, Defendants claim Navagium owes them approximately $34,000 for work associated with the Bonanza.

Accordingly, if Plaintiffs post a $34,000 bond, the court grants Plaintiffs' motion. If the bond is not posted, the court denies Plaintiffs' motion and orders the parties to cooperate to maintain and, if possible, insure the aircraft during the pendency of this case. Defendants shall allow Plaintiffs' mechanics to inspect and maintain the Bonanza as needed.

It is so ORDERED and DATED this ____3___ day of July 2014.

MARK D. CLARKE
United States Magistrate Judge

PAGE 3 - ORDER